▌ In the Matter of the Claim of THOMAS MACKENZIE, Respondent, v. GLENS FALLS COUNTRY CLUB, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded compensation benefits for disability due to a myocardial infarction found by the board to have been caused in the course of claimant's employment as a greenskeeper at employer's golf course, in digging dirt and repairing ruts, that work being found by the board to have been strenuous and arduous and such as to constitute undue strain precipitating the coronary injury in question. Claimant testified that on January 4, 1966, after working two hours with a pitchfork, digging out and leveling ruts in a fairway, caused by the passage of a heavy lime truck the previous month, he felt chest and arm pains and stopped working. He went to his home, which was on the course, had lunch and thereafter resumed work, this time repairing a mailbox which had been struck by a car. This involved digging a hole about two feet deep, removing a bar which supported the box, straightening it, and putting it back in the ground. He felt pain again, went into his house and lay down. He said that he then attempted to remove some ice which had fallen on his front steps, but "I found out I couldn't." He called his family physician, who examined him and directed

his removal to the hospital. Claimant's physician gave a diagnosis of "anterior wall infarction of the myocardium, secondary to coronary thrombosis, acute." When asked whether the two hours' work with a pitchfork could have caused the infarction, he replied, "It could have." Appellants do not contend that the work efforts to which claimant testified were not sufficiently strenuous to sustain a finding of a compensable accidental injury in the nature of a heart attack. Rather, they question claimant's credibility and attack his testimony as a recent fabrication, at variance with other statements made by him. The latter included a statement given appellant carrier's investigator a month after the incident, which does not seem to us, however, to contain the substantial contradictions claimed for it; and, significantly enough, the employer's report of injury, filed two weeks after the statement was given to the investigator, in response to the question, "What was employee doing when accident occurred?" stated, "Repairing fairway damage and broken mail box". Under all the circumstances, the report was, in this case at least, entitled to some weight, as an admission against interest. (*Matter of Webster* v. *Mason*, 13 A D 2d 355, 358.) In any event, the supposed contradictions and claimant's credibility generally were for the board's evaluation. We find insubstantial appellants' objections to the sufficiency of the hypothetical question propounded to the attending physician (see Richardson, Evidence [9th ed.], p. 380) and to the adequacy of the physician's response (see *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414). The entire record, including the attending physician's reports, clearly demonstrates this physician's firm professional judgment that the physical exertion to which claimant testified was the competent producing cause of his heart attack. Further, decedent's "continuance of work involving physical exertion after he suffered an attack in the course of employment is a sufficient identification of the event in time and circumstance, to constitute an accident where it is followed soon after by a serious coronary condition and both are associated by medical opinion." (*Matter of Carlin* v. *Colgate Aircraft Corp.*, 276 App. Div. 881, affd. 301 N. Y. 754; *Matter of Cronberg* v. *Lenmar Holding Corp.*, 17 A D 2d 885, 886.) Appellants' final attack is upon the sufficiency of the board's findings, which we find clear, concise and entirely adequate. Decision affirmed, with one bill of costs to respondents filing briefs. Reynolds, J. P., Aulisi, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam.*

